Judge SPARKS,
concurring in part and dissenting in part.
I agree with the majority that NM’s testimony was not prejudicial for the reasons cited. I also agree that CL’s testimony qualified as improper lay opinion and arguably impermissible human lie detector testimony. However, I part with the majority as to whether CL’s improper testimony materially prejudiced Appellant’s substantial rights.
As stated by the majority, prejudice resulting from an erroneous evidentiary ruling is determined by weighing the Kerr factors: “(1) the strength of the Government’s case, (2) the strength of the defense case, (3) the *157 materiality of the evidence in question, and (4) the quality of the evidence in question.” United States v. Kerr, 51 M.J, 401, 405 (C.A.A.F. 1999). Here, I conclude that this erroneously admitted evidence lacked any real quality, that the Government’s case was strong enough, and the defense case was less so. CL testified that Appellant stated, while on the phone with herself and JM, that “if I did anything wrong, then ... you know, I apologize.” To my mind, this is essentially an admission of guilt that certainly required no further interpretation by CL. My reading of the statement is that Appellant was not leaving open the question whether he had watched pornography with his minor stepson or not, but rather leaving open for question whether or not engaging in this conduct with his minor stepson was wrong. In other words, Appellant was essentially saying, “If what we were doing can be considered wrong, then I apologize.” Thus, the members were likely to reach the conclusion that Appellant was admitting to having watched pornography with JM, regardless of what CL might have added through her testimony.
In addition, the Government’s case on these charges was strong. JM’s testimony about the numerous times he and Appellant watched pornography together was full of the sort of specific detail that could credibly lead the members to convict. Finally, on this record I cannot conclude the members found convincing defense counsel’s insinuation that JM invented the story of watching pornography with his’ stepfather and stuck with that story throughout the trial simply in order to deflect his mother’s anger. Therefore, given the strength of the Government’s case and what little CL’s testimony added, CL’s improperly admitted testimony could not have prejudiced Appellant’s case. Accordingly, I respectfully concur in part and dissent in part.